Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
406-830-3085 fax
tim@bechtoldlaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DARWIN DONEY, individually, and as Personal Representative of the Estate of Bruce Alan Doney, | ) CV 15-    -GF-<br>)<br>)<br>) |
| Plaintiff, | ) **COMPLAINT** |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>)<br>) |

Plaintiff alleges as follows:

1.   Plaintiff Darwin Doney is a surviving son of Bruce Alan Doney. Darwin

     Doney is the duly appointed, qualified, and acting personal representative

of the estate of Bruce Alan Doney. Darwin Doney is a citizen of the State of Montana and a resident of Blaine County, Montana.

2. Plaintiff Darwin Doney brings this action on behalf of himself, on behalf of the estate of Bruce Alan Doney, and on behalf of the heirs of the Estate of Bruce Alan Doney, all of whom have sustained lawful damages as a result of Bruce Alan Doney's injuries and death.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Plaintiff filed Federal Tort Claim Act claims on August 26, 2014, and the Department of Health and Human Services received the claims on August 28, 2014. The government has not acted on the claims, therefore Plaintiff's claims are now ripe for adjudication.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

7. On May 13, 2013, Bruce Doney, a 62-year-old man who had a pacemaker,

walked into the emergency department at the Ft. Belknap Health Center at about 3:00pm with chest pain symptoms. Health care providers at the Ft. Belknap Health Center put Mr. Doney on heart monitoring, took several EKGs, took two blood draws for lab analysis, and monitored his condition for about five hours.

8. Ft. Belknap Health Center care providers discharged Bruce Doney at about 8:00pm on May 13, 2014.

9. Bruce Doney returned to the Ft. Belknap emergency department at about 11:15am on May 14, 2013.

10. Ft. Belknap Health Center care providers eventually arranged to transfer Bruce Doney to a hospital in Billings on an airplane.

11. Bruce Doney's heart stopped during transport to the airport and he was returned to the Ft. Belknap Health Center where attempts to resuscitate him failed. He was pronounced dead at the Ft. Belknap Health Center.

12. Health care providers at the Ft. Belknap Health Center violated the standard of care on May 13 and 14, 2013 when they failed follow the correct protocols for patients who present with chest pains, a history of cardiac problems, and a pacemaker.  This failure caused Bruce Doney's

condition to deteriorate and was the proximate cause of his death.

13. IHS health care providers were negligent and violated the standard of care in failing to properly assess and properly treat Bruce Doney's condition upon his arrival at the IHS clinic on May 13 and 14, 2014. The failure to assess and treat Bruce Doney in a timely manner caused his condition to deteriorate and caused his death.

14. The Ft. Belknap Health Center violated the standard of care by not being adequately prepared and equipped to treat patients who present with chest pains, a history of cardiac problems, and a pacemaker.

15. As a direct and proximate result of each of the acts and omissions of the IHS and IHS health care providers alleged in this Complaint, Bruce Doney suffered severe injuries resulting in his death.

16. Plaintiff should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

   A. For the wrongful death of Bruce Doney and the loss of economic and family support, companionship, affection, society, consortium, comfort, and services he provided to his family;

   B. For Bruce Doney's mental anguish, pain, and suffering before he

died;

C. For Bruce Doney's funeral and burial costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

DATED this 3rd day of March, 2015.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC